### George Gannett *vs.* Margaret Albree.

Specific performance will not be decreed of an agreement to renew a lease which provides that the demised premises shall be used "strictly as a private dwelling, and not for any public or objectionable purpose," if the assignee of the lease has allowed the premises to be used as a boarding-house, although the lessor has consented to his using them for sleeping-rooms in connection with a girls' school.

Bill in equity for specific performance of an agreement to renew the lease of a dwelling-house numbered 28 on Pemberton Square in Boston.

At the hearing in this court, before *Morton*, J, it appeared that the defendant demised the premises to George W. Bassett for the term of three years from August 1, 1866, by an inden= ture in which the lessee covenanted not to lease nor underlet the premises, nor permit any other person or persons to occupy or improve the same without the written approbation of the lessor, and the lessor agreed that the lessee should have the right to renew the lease at his option for the term of two years; that on the indenture, before its delivery, was made the following in-dorsement under the hand and seal of the defendant: " In case the lessee shall cease to occupy the premises as a residence, he shall have the right to underlet the same for the remainder of the term, to any respectable person, to be used strictly as a pri-vate dwelling, and not for any public or objectionable purpose;" and that on September 12, 1866, Bassett, with the written con-sent of the defendant, assigned the premises and all his interest therein to the plaintiff. It also appeared that the premises, "from the time of the assignment till April 9, 1868, were used and occupied by the plaintiff, in connection with his school for young ladies, for sleeping-rooms, with the knowledge and consent of the defendant; that on or about April 9, 1869, the plaintiff leased the same to Lucy E. Small, for the unexpired term of the lease, for the purposes of a boarding-house, though not men-tioned in the written lease, reserving to himself one room which had been occupied by his brother, a clergyman, as a sleeping-room; that Small occupied the house for a boarding-house, using a portion of the house for her own family, and the balance for boarders who lodged in the house; and that the plaintiff agreed that, when he obtained a renewal of the lease from the defendant, he would renew the lease for the same term to Small."

The judge ruled " that such use of the house was in violation of the provisions of the lease and the agreement, and, by reason thereof, declined to order a specific performance of the agree-ment" for renewal, and reported the case for the determination of the full court.

*J. F. Colby*, for the plaintiff. The lease was assignable with

out the defendant's consent. The provision against underletting does not embrace an assignment. The license to assign, once given, discharged the covenant. *Bleecker* v. *Smith*, 13 Wend. 530. *Jones* v. *Jones*, 12 Ves. 186. *Brummell* v. *Macpherson*, 14 Ves. 172. The consent of the defendant was not necessary to the use of the premises as a boarding or lodging-house. *Doe* v. *Laming*, 4 Camp. 73, 77. There was no violation of the provision that the premises should be used "strictly as a private dwelling, and not for any public or objectionable purpose." If the plaintiff has agreed with Small to do what he has no right to do, the court will not assume that he will do it, and for that reason refuse specific performance. *Williams* v. *Cheney*, 3 Ves. 59. 1 Platt on Leases, 636.

*E. D. Sohier & C. A. Welch*, for the defendant.

AMES, J. By the terms of the lease, the lessor had a right to insist that the house should be occupied as a residence, and used "strictly as a private dwelling," and not for any "public or objectionable purpose." When the lease was assigned to the plaintiff, he took it subject to all the covenants which it reserved or contained, to be kept and fulfilled on the part of the original lessee. The consent of the lessor that the plaintiff might occupy and use the house himself, in connection with his school for young ladies, cannot fairly be construed as a general or absolute waiver of the limitations as to the nature of the occupation. It is not the case of a condition which, when once dispensed with, is discharged for all purposes, and cannot be revived, but of a covenant which can be modified by consent. The lessor might be willing to consider such a use of the house as not an entire departure from its intended character of a private dwelling, and not an appropriation to a public or objectionable purpose. But its conversion into a public boarding-house is an entirely different matter. In making the original lease, with its restrictions, the lessor may have supposed that such a use would subject the house to greater wear and tear, or to greater depreciation in value, or require more frequent repairs or increase the rate of insurance. All these considerations may have had their influence upon her mind as to the rate of the rent

and the length of the term.    The use of the house as a board-
ing-house is in violation of the terms of the lease, and would
subject it to very different conditions.    For that reason, the
plaintiff is not entitled to a decree for the specific performance
of the contract for its renewal.        *Bill dismissed, with costs.*