Rose F. Goulding *vs.* Lydia E. Phinney.

Dukes County. October 27, 1919. — January 9, 1920.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, Carroll, & Jenney, JJ.

*Equitable Restriction. Equity Jurisdiction,* To enforce equitable restriction, Laches. *Wrongdoer without Remedy.*

A corporation, which was the owner of a tract of land in a town, in conveying lots therefrom imposed a restriction that no building should be erected within five feet of the side line of the lot, the restriction being imposed as part of a general scheme for the development of a residential neighborhood. *Held,* that this was not merely a legal restriction for the benefit of the corporation alone, but was inserted for the benefit of purchasers from the company and their grantees and could be enforced by a suit in equity.

The right of the owner of a lot, conveyed from the tract by a deed containing the restriction above described, to maintain a suit in equity to enjoin an adjoining owner, who secured his lot by a like deed, from violating the restriction is not affected by a deed from the corporation to the defendant purporting to release its rights, where no other owner of lots in the tract joined therein.

A master, to whom the suit above described was referred, found that the restriction had been quite generally disregarded and violated on the street upon which the plaintiff's lot fronted and upon lots in that vicinity, and, further, that the character of the neighborhood had not changed from that of

a residential section. *Held*, that these findings did not preclude the plaintiff from obtaining the relief sought.

A mere failure of the plaintiff to object to violations of the restriction by others in the neighborhood does not prevent him from having relief from the violation by the defendant which directly affects the plaintiff's lot.

The plaintiff in the suit above described, previous to the erection by the defendant of a building in violation of the restriction, objected thereto and notified and requested the defendant not to erect it, and took, as soon as possible, action to assert his rights. *Held*, that the plaintiff was not barred by laches.

At the trial of the suit above described, it appeared that for some years previous to the installation of a system of waterworks in the town, the plaintiff maintained an out-building within five feet of the side line between the lots, that the defendant did not object thereto and also maintained an out-building within the restricted area on his lot, that, previous to the violation by the defendant which was the basis of the plaintiff's suit, upon the installation of a water system in the town, the out-buildings were removed by both parties. *Held*, that the plaintiff had not been guilty of such a violation of the restriction as to prevent the maintenance of the suit.

BILL IN EQUITY, filed in the Superior Court on October 3, 1916, by the owner of a lot on Massasoit Avenue in the town of Oak Bluffs against an adjoining owner to compel the removal of a structure alleged to have been erected in violation of a restriction in deeds from the Oak Bluffs Land and Wharf Company, a corporation which was the common source of the titles of the plaintiff and of the defendant.

In the Superior Court the suit was referred to a master. Findings of the master as to the deed of release by the Oak Bluffs Land and Wharf Company to the defendant, dated September 22, 1916, and as to the alleged violation of the restriction in question by the plaintiff, were as follows:

"The restriction as to distance from side lines has been quite generally disregarded and violated on Massasoit Avenue and upon lots in this vicinity, but I further find that the character of the neighborhood has not changed from that of a residential section."

"The company, after selling its lots and giving deeds therefor, did, in some instances, execute to the purchaser of the lots what purported to be a release of some of the conditions, and in this instance did release its right to enforce the condition as to the restriction of a building within ten feet of the front line, or within five feet of the side lines of the lot of the defendant, by deed dated September 22, 1916, recorded November 2, 1916, but it did

not appear that the owners of the other lots, at any time, assented to the acts of the company or of the defendant. . . ."

Other material facts found by the master are described in the opinion. Decrees were entered confirming the report and granting the relief sought by the plaintiff. The defendant appealed.

The case was argued at the bar in October, 1919, before *Rugg*, C. J., *De Courcy, Crosby, & Carroll,* JJ., and afterwards was submitted on briefs to all the Justices except *Braley,* J.

*A. P. Stone,* for the defendant.

*A. L. Braley & E. L. Curtiss,* for the plaintiff.

De COURCY, J. The plaintiff owns a lot on Massasoit Avenue in the town of Oak Bluffs adjoining the lot of the defendant. Both derive title from the Oak Bluffs Land and Wharf Company, through intervening parties. Among the restrictions contained in the original deeds from the company, and referred to in all the mesne conveyances, is this: "No building shall be erected within ten feet of the front line, nor within five feet of the side lines of said lot." In 1916 the defendant built an addition to her house which admittedly comes within five feet of the side line. This suit was brought to compel the removal of the same.

Restrictions in the original deed of the company were passed upon by this court in the cases of *Hopkins* v. *Smith,* 162 Mass. 444, and *Sayles* v. *Hall,* 210 Mass. 281. While the particular provisions considered in those cases were not the same as that here involved, it is clear that this restriction with regard to the set-back upon the side lines of the lots was also imposed as part of a general scheme for the development of a residential neighborhood. It is not merely a legal restriction for the benefit of the company alone, but was inserted in the deeds for the benefit of purchasers from the company and their grantees, and can be enforced in equity by and against such grantees. The plaintiff's right to enforce it was not affected by the deed to the defendant dated September 22, 1916, by which the company purported to release its rights; the owners of the other lots not assenting thereto. *Hopkins* v. *Smith, supra.*

The finding of the master, that "the character of the neighborhood has not changed from that of a residential section," renders inapplicable the doctrine of *Jackson* v. *Stevenson,* 156 Mass. 496. See *Riverbank Improvement Co.* v. *Chadwick,* 228 Mass. 242, 247.

*McArthur* v. *Hood Rubber Co.* 221 Mass. 372, which is relied on by the defendant, was a suit to quiet title; the bill was taken *pro confesso* as to all the defendants except those who assented in writing to a decree declaring the restrictions to be no longer in force; and as was stated in the opinion, "The facts alleged in the bill show an even more fundamental transformation of the neighborhood than in *Jackson* v. *Stevenson.*"

The master also finds, "The restriction as to distance from side lines has been quite generally disregarded and violated on Massasoit Avenue and upon lots in this vicinity." But the plaintiff's right to relief from a violation of the restriction which directly affects her lot, was not forfeited by a mere failure to object to similar violations by some others in the neighborhood. *Bacon* v. *Sandberg,* 179 Mass. 396, 399. *Evans* v. *Foss,* 194 Mass. 513, 517. Nor is the plaintiff precluded by laches. She "objected to the erection of the building and notified and requested the defendant not to erect said building, and took, as soon as possible, action to assert her rights."

Finally it is argued that the plaintiff is not entitled to relief because she has violated the same restriction, and so comes into court with unclean hands. This argument is based upon the finding that for some years the plaintiff maintained an out-building within five feet of her side line. But it further appears that the defendant not only made no objection thereto, but herself maintained a similar building on her premises, within the restricted area. And when the water system was put in, and the necessity for these structures ceased to exist, both of them were taken down. These facts plainly distinguish the case from *Loud* v. *Pendergast,* 206 Mass. 122, where a portion of the plaintiff's main house, bay window, piazza and steps were within the restricted area even at the time of the trial. *Bacon* v. *Sandberg, supra.* In the opinion of a majority of the court the decree of the Superior Court should be affirmed, with costs.

*Ordered accordingly.*