THOMAS M. PIERCE, Treasurer of Vandeventer Parks, et al. v. SARAH HARPER et al., Appellants.

Division One, December 22, 1925.

**CONVEYANCES: Restrictive Covenants: Residential District: Boarding House.** Restrictive covenants contained in all the deeds conveying the eighty-six lots of a secluded district and running with the title as an appurtenance thereto, setting apart the district to residential purposes exclusively and limiting the use of a single dwelling house on each lot to one single family, prevent the conversion of any one of said dwelling houses into a boarding house, and prevent the owner from leasing it for boarding house purposes, and the lessees from maintaining a boarding house therein; and it being established by the evidence and admitted by the lessee that at the institution of the injunction suit the dwelling house was being and for more than two months had been used as a boarding house, such use will be enjoined. (Following Pierce v. Trust Co., ante, page 262.)

Corpus Juris-Cyc. References: Deeds, 18 C. J., Section 452, p. 391, n. 52.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall,* Judge.

AFFIRMED.

*S. T. G. Smith* for appellants.

(1) The provisions of the deed from Vandeventer et al. to Peck et al., trustees, do not prohibit the use of the property in Vandeventer Place as a boarding house. Bolin v. Tyrol Inv. Co., 273 Mo. 257; Kitchen v. Hawley, 150 Mo. App. 497; Morrison v. Darr, 201 S. W. 1147; Hurley v. Brown, 60 N. Y. Supp. 846; Gallon v. Hussar, 172 App. Div. (N. Y.) 393; Biggs v. Sea Gate Assn.,

211 N. Y. 482; Stone v. Pillsbury, 167 Mass. 332; Mayor v. Water Works Co., 152 Ala. 306; Clark v. Jammes, 87 Hun, 215. (2) A boarding house is not a "trade or business dangerous, noxious and offensive to the neighboring inhabitants." Kitchen v. Hawley, 150 Mo. App. 497; Gallon v. Hussar, 172 App. Div. (N. Y.) 393; Biggs v. Sea Gate Assn., 211 N. Y. 482; Paul v. House of St. Giles the Cripple, 154 N. Y. Supp. 96; Heaton v. Packer, 116 N. Y. Supp. 46; Moubray v. Improvement Co., 178 App. Div. (N. Y.) 737; Kitching v. Brown, 180 N. Y. 414; Carr v. Riley, 198 Mass. 70; Easterbrook v. Hebrew Asylum, 85 Conn. 289; Doe v. Bird, 6 Carr. & Payne R. 195; Tobey v. Moore, 130 Mass. 448; M. E. Church v. Cape May Coal Co., 67 Atl. 613.

*T. M. Pierce* and *Samuel H. Liberman* for respondents.

(1) The use or occupancy of No. 12 Vandeventer Place for any purpose other than that of a private residence violates the covenants and restrictions applicable to the premises. Koehler v. Rowland, 275 Mo. 573; Kenwood v. Hancock Inv. Co., 169 Mo. App. 715; Sanders v. Dixon, 114 Mo. App. 229; Morrison v. Hess, 231 S. W. 997; Peters v. Buckner, 232 S. W. 1024; Adams v. Cary, 226 S. W. 833; Milligan v. Balson, 264 S. W. (Mo. App.) 73; Barnett v. Vaughn Institute, 119 N. Y. Supp. 45, 197 N. Y. 541; Smith v. Graham, 147 N. Y. Supp. 773; Cromwell v. American Bible Society, 195 N. Y. Supp. 333; Neidlinger v. New York Assn. for Poor, 200 N. Y. Supp. 852; Paine v. Bergose Dev. Co., 198 N. Y. Supp. 311; Baumert v. Malkin, 235 N. Y. 115; Powers v. Radding, 225 Mass. 110; Harris v. Roraback, 137 Mich. 292; Rosenzweig v. Rose, 201 Mich. 681; Farley v. Finn, 197 N. W. (Mich.) 571. (2) The boarding house and lodging house conducted by the defendants on the premises No. 12 Vandeventer Place was a business, noxious and offensive to the neighboring inhabitants and a place of trade. Sayles v. Hall, 210 Mass.

281; Gannett v. Albree, 103 Mass. 372; Linwood Park Co. v. Van Dusen, 62 Ohio St. 183.

SEDDON, C.—This is a companion case to the cause entitled, Thomas M. Pierce et al. v. St. Louis Union Trust Company et al., ruled in accordance with opinion filed at this term of this court, and reported at page 262 of this report. Plaintiffs seek to enjoin defendants, Charles E. Bradley and Sarah Harper and David H. Harper, the owner and lessees, respectively, of Lots 9 and 11, known as No. 12 Vandeventer Place in the city of St. Louis, from using, or permitting to be used, said lots and premises or any part thereof, as a boarding or lodging house, or for any purpose other than a private dwelling house, and from permitting more than one proper family per lot to have egress and ingress from and to said premises into and from the private parks and places in Vandeventer Place, in accordance with certain restrictive covenants of record affecting Vandeventer Place and alleged to be applicable to defendants' premises. The pleadings upon which the cause was tried and submitted below follow, in form and substance, those upon which the St. Louis Union Trust Company case, supra, was tried and submitted, except that the petition herein charges, "that said defendants, Sarah Harper and David H. Harper [the lessees], by and with the consent and permission of defendant Bradley [the owner], are conducting and maintaining in and on said premises the business of providing and furnishing to a large number of persons, the exact number being unknown to plaintiffs, board and lodging for compensation; that said defendants, Sarah Harper and David H. Harper, have rented rooms in said premises to undesirable and disreputable persons, and have permitted said premises to be used for an unlawful purpose, to-wit, the manufacture and distillation of alcoholic beverages, in violation of the laws and statutes of the State of Missouri and of the United States; that said defendants, Sarah Harper and David H. Harper, by and with

the consent and permission of said defendant Bradley, are permitting the lodgers and boarders aforesaid, though not members of one proper family, to have ingress and egress into and from the private parks, and places in Vandeventer Place.''

The answer is substantially the same as that filed in the companion case, with the additional allegations ''that these defendants were at the time of the institution of this suit, and for a long time prior thereto, using the premises occupied by them for the purpose of carrying on therein a first-class boarding house; that said boarding house is conducted in a quiet, orderly manner, and that there are no outward signs of any kind by which any person could know to what uses said premises are being put; that the defendants live in said premises with their family, and use part of the same for their home; . . . defendants further state that said boarding house maintained by these defendants is kept clean and is conducted in an orderly manner, and there are no outward evidences [of the uses] to which said property is put.'' The reply is a general denial.

The decree *nisi* follows the prayer of the petition and perpetually enjoins and restrains the defendants, and each of them, ''from using or permitting to be used the premises and lots upon which same are situated, or any part thereof, or the building or buildings thereon known and referred to as No. 12 Vandeventer Place, in the city of St. Louis, Missouri, as a boarding or lodging house, and from conducting and maintaining, or permitting to be conducted and maintained, said premises and building as a nuisance, and from using or permitting to be used said premises for a purpose other than a private dwelling house, and from permitting more than one proper family per lot to have egress and ingress from and to said premises, into and from the private parks and places in Vandeventer Place.'' Their motion for new trial having been overruled, defendants appeal to this court.

Plaintiff, Thomas M. Pierce, testified that, since the trial of the cause of Pierce et al. v. St. Louis Union Trust Company et al., supra, there had been no change in the conditions within Vandeventer Place and that it remained "in the same high state of excellence;" that his attention was directed to the premises occupied by defendants Harper by the fact that strange and suspicious looking people, men and women, were coming and going out of the house; that he made an investigation and was advised by Mrs. Harper that she was not running a boarding house; that subsequently he received information to the effect that she was engaged in that business on the premises; that the maintenance of a boarding house at No. 12 Vandeventer Place is offensive to him as an owner of property and resident of said district; that, from the appearance of the persons he had seen in and about the place, he had a feeling of insecurity and he had apprehension as to the safety and welfare of his children; "the whole feeling there was, it was a place that you would not want to live near, and people that you would not want to have around you."

A city police officer testified that he had received complaints about people going in and coming out of the back way of the aforesaid premises around five and six o'clock in the morning; that these persons were "suspicious looking, and a couple of men answered descriptions of men that we had been looking for;" that, accompanied by another police officer, he raided the premises on January 13, 1922, and, in a room on the third floor of the house, "found a big vat of mash and a copper boiler formed into a still, and about seven gallons of so-called whiskey in jugs;" that the vat was filled with mashed corn; that defendant Mrs. Harper stated to witness that she did not know who occupied that room; that she had rented that room to a man who came there with two suit cases and asked permission to leave the suit cases, and who said he would pay her for the room; that Mrs. Harper claimed she had never seen the man after that time and did not think he had stayed

more than two days, did not know what he was doing in the place and did not ask or know the man's name. On cross-examination, witness said no arrests were made because the Government officials refused to issue warrants for the arrest of the resident occupants of the premises.

Two plaintiffs testified that the use of the premises as a boarding house is objectionable and offensive to them and it was stipulated that all of the plaintiffs, if called as witnesses, would testify to the same effect. It was further stipulated and agreed by the parties that all of the evidence and exhibits offered by plaintiffs and defendants, respectively, in the St. Louis Union Trust Company case, supra, all objections made to the introduction or exclusion of such evidence, all rulings of the court and exceptions thereto, and all offers of proof and rulings thereon and exceptions thereto, shall be considered as part of the record in this cause. Included in such evidence is that of defendant Sarah Harper, admitting that she used the premises as a boarding house from November 20, 1921, until February 1, 1922, when she was restrained by the court's order from further using the premises for such business. She further testified that she used the premises as a place of residence for her family.

The principles of law, conclusions and findings announced by us in the companion case of Pierce et al. v. St. Louis Union Trust Company et al., supra, are controlling and applicable to the instant case. In that case, we ruled that the restrictive covenants contained in the deed executed and recorded by the original owners and platters of Vandeventer Place are applicable to and binding upon all and every of the several lots in said addition and the respective owners thereof; that there has been no waiver or abandonment of said covenants by the owners of the several lots in said addition; that said covenants have not been rendered ineffective or unenforcible by reason of changed conditions in the neighborhood surrounding Vandeventer Place or by reason of changed

conditions within the restricted district or addition itself; that the intention of the parties to the original deed, as disclosed by the context of said deed and the surrounding facts and circumstances, and the intention of the present owners of property in said addition, as disclosed by their practical construction of such covenants, evidenced by their own acts and conduct, clearly makes manifest that such owners intended, and still intend, that Vandeventer Place shall be and remain a high-class, exclusively residential district and that the meaning, force and effect of said restrictive covenants is to limit the use of each dwelling house or home on each lot of the addition to one single family.

The use of the premises known as No. 12 Vandeventer Place by defendants, as disclosed by the record, the allegations of the answer and the admissions of defendant Sarah Harper, as a witness for defendants, is a clear and positive violation of the restrictive covenants applicable to said premises and binding upon defendants. It is made certain thereby that the premises are, or were at the time this suit was instituted, being used as a boarding house (and it is immaterial, we think, whether it be denominated a high-class or low-class boarding house), and not as a private dwelling-house or home for the use or occupancy of one single family. Such use is in derogation of the restrictive covenants affecting said premises.

In Sayles v. Hall, 210 Mass. 281, the Supreme Court of that State said: ''We are of opinion that the keeping of boarders and letting of rooms to the extent set forth in the agreed facts is a violation of the restriction in the defendant's deed limiting the buildings upon the premises to 'a dwelling house to be used exclusively as a residence for a private family,' and the necessary outbuildings. [Gannett v. Albree, 103 Mass. 372; Skillman v. Smatheurst, 12 Dick. 1; Hobson v. Tulloch (1898), 1 Ch. 424.]''

In Gannett v. Albree, 103 Mass. 372, the use of a building as a boarding house was held to be violative of

the terms of a lease providing that the same shall be used "strictly as a private dwelling, and not for any public or objectionable purpose."

In Linwood Park Co. v. Van Dusen, 63 Ohio St. 183, 58 N. E. 576, the use of a building for a lodging house without special permit from plaintiff was held to be a breach of the covenant of a 99-year lease, providing that lessees "would use such premises for the purpose of a private dwelling or residence only, except on a special permit from the company."

While the language of the restrictive covenants construed and applied in the foregoing cited cases is not exactly identical with the language of the covenants under construction in the instant case, nevertheless the cited cases bear closely upon the application and meaning of the restrictive covenants contained in the Vandeventer deed, as we have construed such covenants in the St. Louis Union Trust Company case, according to the clear intention of the owners, both past and present, as gathered from the context of that deed, the surrounding circumstances and the acts and conduct of the owners themselves. Our findings and conclusions accord with those of the learned trial chancellor, and therefore the decree and judgment *nisi* is hereby affirmed. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur, except *Woodson, J.,* absent.