JOHN J. WALKER *vs.* NATHAN SANDERSON & others

· Middlesex.   December 11, 1964. — February 1, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Real Property,* Restriction.

In a deed of land, containing a pond, located in a neighborhood exclu-
    sively residential in character and so zoned, a restriction prohibiting the
    use of the land "for any business . . . except" dealing in live bait
    and retail sale of fishing tackle and sporting goods was imposed for the
    purpose of preserving the residential character of the neighborhood and
    not to "keep out activities" which would interfere with the use of the

Walker v. Sanderson.

pond as a fishing and picnic area, and did not become obsolete or inequitable, but remained enforceable, when, some years after the conveyance by such deed and after a limited area around the location of a bait business conducted on the land had been placed in a business zoning district, the pond was eliminated by highway construction and the bait business terminated.

BILL IN EQUITY filed in the Superior Court on March 16, 1962.

The defendants appealed from a final decree entered after hearing by *Gourdin, J.*

*William E. Hays (William C. Hays* with him) for the defendants.

*Walter H. McLaughlin, Jr.,* for the plaintiff.

WHITTEMORE, J. This is an appeal from a final decree of the Superior Court under G. L. c. 240, §§ 10A–10C, inserted by St. 1961, c. 448, § 3,[1] ruling unenforceable and inapplicable a restriction imposed on land of the plaintiff in Waltham by deed to a predecessor in title dated December 29, 1947.

The defendants, owners of nearby land, are persons who, as the plaintiff stipulated, are entitled to oppose the release of the restriction.

The restriction is as follows: "The premises are conveyed with the benefit of and subject to any easements of record and subject to a permanent restriction that no part of the premises shall be used for any business purpose except for raising, growing and selling live bait and the sale

---

[1] General Laws c. 240, § 10A, provides, in part: "The superior court and the land court shall have concurrent jurisdiction in equity upon petition by any person or persons claiming an estate of freehold, or an unexpired term of not less than ten years, in land subject to a restriction described in section twenty-six of chapter one hundred and eighty-four, to determine and declare whether and in what manner and to what extent and for the benefit of what land the restriction is then enforceable, whether or not a violation has occurred or is threatened." Section 10B is procedural. Section 10C provides: "Any determination or declaration that the restriction is or is not enforceable, or is enforceable only in a certain manner or to a certain extent or for the benefit of certain land shall be in rem and operate directly upon the subject land, and be binding upon all persons entitled to enforce the restriction thereon. If the court determines that the restriction is enforceable only by award of money damages it shall, whether or not a violation has occurred, make such award, according to general rules of equity, and upon payment thereof determine that the land is free of the restriction."

at retail of fishing tackle and sporting goods, and the grantees for themselves, their heirs, executors, administrators and assigns, covenant and agree with the grantor, his heirs and assigns, not to use the premises or any part thereof in violation of the above restriction, and it is agreed that this covenant shall run with the land."

General Laws c. 184, § 30, inserted by St. 1961, c. 448, § 1, provides, in part: "No restriction shall . . . be enforced or declared to be enforceable, whether or not the time for recording a notice or extension under section twenty-seven or twenty-eight has occurred, or such a notice or extension has been recorded, unless it is determined that the restriction is at the time of the proceeding of actual and substantial benefit to a person claiming rights of enforcement. No restriction determined to be of such benefit shall be enforced or declared to be enforceable, except in appropriate cases by award of money damages, if (1) changes in the character of the properties affected or their neighborhood, in available construction materials or techniques, in access, services or facilities, in applicable public controls of land use or construction, or in any other conditions or circumstances, reduce materially the need for the restriction or the likelihood of the restriction accomplishing its original purposes or render it obsolete or inequitable to enforce except by award of money damages, . . . or (4) continuation of the restriction on the parcel against which enforcement is claimed or on parcels remaining in a common scheme with it or subject to like restrictions would impede reasonable use of land for purposes for which it is most suitable, and would tend to impair the growth of the neighborhood or municipality in a manner inconsistent with the public interest or to contribute to deterioration of properties or to result in decadent or substandard areas or blighted open areas, or (5) enforcement, except by award of money damages, is for any other reason inequitable or not in the public interest."

The evidence is reported. The judge adopted his findings, rulings and order for decree as a report of material facts under G. L. c. 214, § 23.

The final decree is based on the findings set out in the margin.[2]

The basic finding is that the purpose of the restriction was to keep out activities that would interfere with the use of the lake as a picnic and fishing area. This finding is unjustified.

''Every deed is to be construed so as to give effect to the intent of the parties as manifested by the words used, interpreted in the light of the material circumstances and pertinent facts known to them at the time it was executed.'' *Bessey* v. *Ollman,* 242 Mass. 89, 91. *Morehardt* v. *Dearborn,* 313 Mass. 40, 47.

The intent of the restriction is stated in plain terms. It is that, for the benefit of the grantor's other land, no business use be made of the premises except as specified. The evidence of circumstances and facts shows what the intended benefit was. At the time of the conveyance the neighborhood was exclusively residential in character and was so

---

[2] ''At the time of the deed the land was covered to a large extent by a lake which was fed by a small stream. The lake was popular for fishing and for fly-casting and was used by many fishermen in the area. In the winter the surface of the lake was used for skating and hockey practice. The area surrounding the lake was frequently used as a picnic ground. The land was purchased for the purpose of operating a bait shop to sell live bait and fishing equipment to the numerous fishermen who used the lake on the property. At that time the said restriction was a reasonable limitation upon the use of the land. In 1961 the City of Waltham constructed a new road through the premises in order to improve the traffic flow from Route 128 in the direction of Boston. This road is a major artery. In the process of building this road it was necessary to fill in a substantial portion of the lake which once existed so that now only a small brook runs along the property. The lake has disappeared and with it the sports, fishing industry and the bait shop which once serviced it. Also, the City has since zoned the area around the former bait shop as a 'Business-A zone'. We presume that this rezoning was done after the usual notices and a proper public hearing. It appears that the purpose of the restriction was to keep out activities that would interfere with the use of the lake as a picnic area, fishing ground, a tournament location for fly-casting. With the going of the lake that purpose need no longer be executed. Changes in the character of the properties affected and the neighborhood and the surrounding conditions and circumstances reduce materially the need for the restriction or the likelihood of the restriction accomplishing its original purposes but rather render it obsolete and inequitable to enforce. The removal of the restriction, considering the purpose for which it was imposed, will not serve to depreciate the value of the adjoining properties. If the purpose of the restriction had been found to be to preserve the residential quality of the neighborhood then damage might have been shown when considering the proximity of a business district to the residential section. However, the Court finds that this was not the purpose of the restriction.''

zoned.   It was only in 1952 that a limited area around the bait shop was placed in a Business A district.   The artificial lake or pond of about four and a half acres had been used as an ice pond up to about 1938.   The bait business was established after the 1947 purchase.   So far as the evidence shows, the use of the lake for fishing and fly-casting was after 1947, but even if prior use could be inferred it would be inconsequential to the construction.   The pond was entirely within the restricted piece so that no interest of the grantor in maintaining a bait and fishing business on the pond can be inferred from the restriction itself.   There was no other evidence suggesting such an interest.   Doubtless, the restriction suggests that the grantees purchased for the purposes of the business specified.   But the restriction was not for their benefit.

We conclude that the purpose of the restriction was to preserve the residential character of the neighborhood, except for the limited business use specified.

The judge's conclusion that the restriction is obsolete was dependent upon his misconstruction of the restriction and is not otherwise supported.   The area remains residential.   Except for the restriction, an area surrounding the bait shop could now be used for all Business A purposes.

The judge's conclusion that the removal of the restriction would not depreciate the value of surrounding property is dependent upon the qualifying clause in his findings, "considering the purpose for which it was imposed," and is also unjustified.   The only evidence is that in the opinion of neighboring owners (defendants), their property would be substantially lessened in value by business uses.   In any event the restriction serves the purpose for which it was imposed and is beneficial to them.

The conclusion that it would be inequitable to enforce the restriction is also dependent on the misconstruction of its purpose.   The only evidence of a change in the character of the neighborhood is the coming of the new road and the resulting increased traffic, the disappearance of the pond, and the change in the zoning district.   The loss of the pond

undoubtedly has taken away an attractive aspect of the residential district. Neither this loss nor the building of the road, however, suggests that the area is not suitable for residential use. In view of the restriction and the limited area zoned for Business A uses, the inference of a legislative decision that the area is no longer reasonably classifiable for residential purposes is unjustified.

The plaintiff shows no inequity. He bought in 1961 with knowledge of the restriction and of the new road and the loss of the pond. He, and others, are building residences in the neighborhood. Undoubtedly a small, unrestricted Business A area in the midst of the residences would be as convenient to some householders as it would be valuable to its owner. But the disappearance of the one feature that made reasonable the limited exception to the prohibition of all business use cannot be used as a reason for removing the restriction and allowing other business uses.

The decree is reversed. A decree is to enter in the Superior Court ruling that the restriction is enforceable and is to be observed.

*So ordered.*