JOHN J. WALKER & another *vs.* ROBERT V. GROSS & others.

Middlesex.    November 9, 1972. — December 8, 1972.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Real Property,* Restriction. *Words,* "Business."

A deed restriction barring use of the land conveyed for "any business purpose" did not prevent the use of the land for an apartment house. [705–707]

Restrictions in a deed are to be strictly construed against the party seeking their enforcement. [706] ,

BILL IN EQUITY filed in the Superior Court on February 4, 1970.

The suit was heard by *Kalus*, J.

*John C. Collins* (*Peter B. Collins* with him) for the defendants.

*Walter H. McLaughlin, Jr.* (*David G. Hanrahan* with him) for the plaintiffs.

WILKINS, J. The plaintiffs seek a determination, under G. L. c. 240, § 10A, that a deed restriction providing that no part of their premises in Waltham shall be "used for any business purpose" does not prevent the use of their premises for an apartment house. The plaintiffs' land is subject to a restriction, imposed by a 1947 deed to a predecessor in title, which reads as follows: "The premises are conveyed with the benefit of and subject to any easements of record and subject to a permanent restriction that no part of the premises shall be used for any business purpose except for raising, growing and selling live bait and for the sale at retail of fishing tackle and sporting goods, and the grantees for themselves, their heirs, executors, administrators and assigns, covenant and agree with the grantor, his heirs and assigns, not to use the premises or any part thereof in violation of the above restriction, and it is agreed that this covenant shall run with the land."

The plaintiffs contemplate the construction of an apartment building with eighty-three family units and a store.[1] Building permits have been issued for the apartment house by the building inspector of Waltham. The defendants, landowners in the neighborhood of the plaintiffs' premises, are entitled to the benefit of the restriction by which the plaintiffs' premises are burdened.

The restriction quoted above was held to be enforceable in *Walker* v. *Sanderson*, 348 Mass. 409, where this court concluded that the purpose of the restriction was to preserve the residential character of the neighborhood

---

[1] The store is to be limited to use as a bait shop. The bait shop use is expressly permitted under the terms of the restriction.

(except for the limited business use specified) and that certain changes in the neighborhood did not make the restriction unenforceable. In that earlier opinion, however, the scope of the limitation against the use of the burdened premises for "any business purpose" was not considered.

The judge, who heard the present case on a statement of agreed facts and certain documents, ruled that the restriction against use of the premises for any business purpose did not prohibit the construction and operation of an apartment house. The defendants appeal.

The defendants contend that the ownership and operation of an apartment building is a business and that, therefore, the plaintiffs' premises are to be used for a business purpose. In many respects and for certain purposes, ownership and operation of an apartment house is a business. In *Massachusetts Commn. Against Discrimination* v. *Colangelo,* 344 Mass. 387, 398, this court considered legislation dealing with unlawful discrimination in housing (G. L. c. 151B), stating that a portion of the statute was directed against preventing discrimination "in the business of housing" and against discriminatory leasing "when conducted as a business." Others of our opinions have recognized the "wide import" of the word "business," a word "not susceptible of exact definition applicable to all cases." See *Whipple* v. *Commissioner of Corps. & Taxn.* 263 Mass. 476, 485–486 ("an activity which occupies the time, attention and labor of men for the purpose of livelihood, profit or gain"); *DeBlois* v. *Commissioner of Corps. & Taxn.* 276 Mass. 437, 439 ("the business of renting real estate"). Each of these cases, of course, considered the word "business" in the context of a statute designed for a specific purpose.

The plaintiffs, on the other hand, point out that the restriction relates to the *use* of the premises for a business purpose and that clearly the tenants will use the premises for residential purposes. The issue thus is clearly drawn, namely, whether land used for an apartment house is "used for any business purpose" within the

meaning of those words in the restrictive covenant applicable to the plaintiffs' land.

The restriction itself gives no significant guidance on the question whether an apartment house use is a use for a business purpose. No extrinsic evidence has been presented to assist us in interpreting the intent of the parties in light of the material circumstances and pertinent facts known to the parties to the deed at the time it was executed. See *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378, 383; *Walker* v. *Sanderson,* 348 Mass. 409, 412. We know only that the retail sale of fishing tackle and sporting goods was regarded as a business purpose because those activities were expressly excluded from the prohibition of the restriction. In these circumstances we are guided in reaching our conclusion by the general rule that restrictions in a deed are to be strictly construed against the party seeking to enforce those restrictions. *Brown* v. *Linnell,* 359 Mass. 446. Thus any doubt should be "resolved in favor of the freedom of land from servitude." *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, 433.

We hold that the use of the plaintiffs' premises for apartment house purposes does not violate the deed restriction against the use of those premises for any business purpose. The plaintiffs' apartment building will be used by its occupants for residential purposes. The fact that the apartment house may be owned for income producing purposes does not make the *use* of the premises a use for a business purpose. If we were to accept the view asserted by the defendants, the renting of a single family house and the construction of such a house for sale would seemingly be in violation of this restriction as well. We think that the language of the restriction is concerned with the physical activity carried on upon the premises and not with the presence or absence of a profit making motive on the part of the landowner.[2]

---

[2] Presumably a wholly owner-occupied apartment house, such as a condominium (see G. L. c. 183A), would be permissible under the defendants' view of the restriction because the ownership would be

Authority in other jurisdictions supports our view that the use of premises for apartment house purposes does nct violate a deed restriction against the use of premises for any business purpose. See *Brandenburg* v. *Country Club Bldg. Corp.* 332 Ill. 136, 141–142; *Vandershoot* v. *Kocher,* 190 Misc. (N. Y.) 1, 3–4. Cf. *Wilson* v. *Ocean Terrace Garden Apartments, Inc.* 139 N. J. Eq. 376, 380.

The defendants basically object to the construction of an apartment house instead of single family houses. The restriction, however, does not speak in terms of allowing only single family houses, but rather it speaks in words of exclusion to prevent any use for business purposes. If use of an apartment house is, as we hold under the language of the deed restriction, not a use for a business purpose, the scope of the limitation contained in the deed obviously fails to reach the proposed apartment house use. What the grantor might have done if he had anticipated present circumstances need not concern us. Construed, as it must be, strictly against the parties asserting the applicability of the restriction, the restriction simply fails to do what the defendants assert.

*Decree affirmed.*

---

free from any profit motive, except as to the gain which even the owner of a private house hopes to derive from an increase in the value of his property.