BENJAMIN E. BRENNAN & others *vs.* JOHN KOS & another.

Hampden.  November 15, 1982. — March 25, 1983.

Present: ARMSTRONG, PERRETTA, & SMITH, JJ.

*Real Property*, Restriction.  *Practice, Civil*, New trial.  *Words*, "Commercial purposes."

Defendants' rental of rooms in their single-family house to three college students to whom they were not related, to be used by the students for residential purposes during the academic portions of the years in question, a use permitted by the applicable zoning ordinance, did not violate a deed restriction providing that the premises not be used for "commercial purposes" and that "only one one-family house" be erected thereon.  [514-516]

The judge in a civil action did not abuse his discretion in denying the plaintiffs' motion for an amended judgment or, in the alternative, for a new trial based on an affidavit containing matters that should have been raised at summary judgment proceedings.  [516]

CIVIL ACTION commenced in the Superior Court Department on October 31, 1979.

The case was heard by *Moriarty*, J., on a motion for summary judgment.

*William A. Murray, III*, for the plaintiffs.
*Michael A. Ugolini* for the defendants.

PERRETTA, J.  All the parties to this complaint for injunctive relief reside in and own houses situated in Heritage Lane, Westfield.  They hold title to their properties under deeds containing, by reference, a restrictive covenant the terms of which are recited in a recorded common subdivision plan.  During the academic periods of 1978 through 1981, the defendants, husband and wife, rented rooms in their house to three college students to whom they are not related.  These rentals were permissible under the ap-

plicable zoning ordinance,[1] but, as alleged by the plaintiffs, they were in violation of the restrictive convenant here in dispute. The trial judge concluded that the rentals were not barred by the covenant, and he allowed the defendants' motion for summary judgment brought under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). For substantially those reasons set out by the trial judge in his memorandum of decision, we affirm.

The restriction in question reads as follows: "Only one one-family house shall be erected hereon and no structure so erected shall be used for commercial purposes, but this restriction shall not be construed to prevent the use of any portion of such residence being used for professional offices." It is the plaintiffs' contention that the renting of rooms by the defendants constitutes use of their premises for commercial purposes as well as conversion of the one-family structure to a multiple-family house, all in violation of the restrictive covenant.

The plaintiffs ask that we broadly construe the phrase "commercial purposes" to encompass "any type of business or activity which is carried on for a profit." For support, they cite to St. 1972, c. 123, which amended G. L. c. 93A, § 1(b), to bring the renting or leasing of real property within the scope of "trade" or "commerce" and rely on numerous zoning provisions as contrued by courts of other States. These contentions were raised without success in *Walker* v. *Gross*, 362 Mass. 703, 705 (1972), where the court noted that "[e]ach of these cases, of course, considered the word 'business' in the context of a statute designed for a specific purpose." A restrictive covenant, however, must "be strictly interpreted in favor of limiting the restraint on use of the granted premises." *Donoghue* v. *Prynnwood Corp.*, 356 Mass. 703, 707 (1970), and cases therein cited. *Walker* v. *Gross*, 362 Mass. at 706.

---

[1] The parties' stipulation of facts provides that the pertinent zoning ordinance allows "[t]he renting of not more than three rooms or the furnishing of table board of a dwelling occupied as a private residence."

In *Sayles* v. *Hall*, 210 Mass. 281, 284 (1911), a case upon which the plaintiffs rely heavily, the court construed the restriction in the deed limiting the buildings on the premises to "a dwelling-house to be used exclusively as a residence for a private family" as prohibiting "the keeping of boarders and letting of rooms" to the extent being done in that case — "the boarders and roomers averaging in number about twelve persons at any one time, and the average stay of the individual boarders or roomers being two weeks." *Id.*, at 282.

As put by the trial judge, however, the restriction in *Sayles* "is quite different from the language of the covenant in this case." We think the present restriction to be substantially the same as that discussed in *Walker* v. *Gross*, 362 Mass. at 704, where it was held that use of the premises for an apartment building with eighty-three family units was not prevented by a deed restriction which provided that no part of the premises could be used for "any business purpose." The reasons in support of that conclusion are applicable in the instant case. "The plaintiffs' apartment building will be used by its occupants for residential purposes. The fact that the apartment house may be owned for income producing purposes does not make the *use* of the premises a use for a business purpose . . . We think that the language of the restriction is concerned with the physical activity carried on upon the premises and not with the presence or absence of a profit making motive on the part of the landowner" (emphasis original). *Walker* v. *Gross*, 362 Mass. at 706. See also *Blakeley* v. *Gorin*, 365 Mass. 590, 602-603 (1974).

Further, we do not read the first restriction in the covenant, "[o]nly one one-family house shall be erected hereon," as preventing the defendants from renting rooms in their house to three students. Read literally and in harmony with the second and subsequent restriction on use, those words restrict the number and types of structure which can be constructed on each of the lots subject to the covenant. Although the defendants might have made some renova-

tions in the basement of their house to accommodate their boarders, the trial judge could properly have disregarded those facts in reaching his conclusion for two reasons. Those facts were not recited in the parties' stipulation of facts upon which the cross motions for summary judgment were decided; rather they were raised by a postjudgment motion under Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974), seeking an amended judgment on the basis of the defendants' answers to interrogatories. The trial judge could also have concluded that the alterations described by the defendants in their answers to those interrogatories would not support a conclusion other than the one he had reached. See *Carr* v. *Riley*, 198 Mass. 70, 75 (1908) ("[T]he front room on the third floor has been fitted up . . . as an operating room. We do not think this change material. In all other respects the house remains as before. In internal structure the house is still fitted for occupancy by only one family").

The trial judge did not abuse his discretion in denying the plaintiffs' alternative request for a new trial under rule 59(a). The affidavit in support of the motion was signed after the date of the judgment by persons identifying themselves as "the grantors of so-called Building Restrictions on Heritage Lane" and attesting to the intended scope of the restrictive covenant. However, missing from the affidavit, and indeed the record, are facts in explanation of why this information was not available to and presented by the plaintiffs at trial. Cf. *Graci* v. *Damon*, 6 Mass. App. Ct. 160, 166 (1978), and cases therein cited. We see no error in the denial of the plaintiffs' motion. The order denying the motion to amend the judgment or for a new trial is affirmed, and the judgment is affirmed.

*So ordered.*