Silva, J.
This is an action in deceit in which the plaintiff, Constance Michaels, seeks to recover damages on account of alleged misrepresentations made by the defendant, Elda Lawrence, in connection with the respective purchase and sale of a single family home in the Town of Pembroke.
The Answer filed by the defendant sets forth a general denial to the allegations made by the plaintiff and asks that the Complaint be dismissed.
After hearing the evidence on June 27, 1984, The Court found for the plaintiff in the sum of $6,500.00 based upon the following evidence:
On March 19,1983, the plaintiff, as purchaser, and the defendant, as seller, entered into an agreement for the sale of real estate on Mattakeesatt Street in Pembroke, Plymouth County, Massachusetts, abutting Oldham Pond. On or about May 2,1983, the property was conveyed by the defendant to the plaintiff for $48,900.00. The property had been used as a residence by the defendant and her husband until he passed away in October, 1981 and thereafter was leased by the defendant to one Charles Troy until he vacated about the time the property was sold. For the time period covered by the defendant’s occupancy as well as the occupancy of Mr. Troy, the defendant and Mr. Troy claimed, no repairs or maintenance were done to the septic system serving the residence except for routine pumping. After the plaintiff took possession, she immediately started experiencing problems with the cesspool. At the time of the sale, the septic system consisted of a 55 gallon metal drum covered by a cement cover and a pipe leading to Oldham Pond. Sometime thereafter, a gravel truck ran over and crushed the discharge pipe, leading to its discovery by the plaintiff and causing the system to fail completely. The defendant claimed to have no knowledge as to the pipe leading to the pond. At the time of the sale, the defendant, in response to an inquiry from the plaintiff, indicated she had no problems with the septic system except as to the need to have it pumped periodically. Plaintiff had an expert testify that in his opinion the system had been in disrepair for an extended period of time prior to the sale.
The defendant claims to be aggrieved by the court’s rulings on the following requests:
22. The evidence warrants a finding for the Defendant.
Allowed, but I do not so find.
*209 23. A finding is not warranted for the Plaintiff.
Denied.
The Court found the following facts:
1. That the septic system was defective.
2. That the Defendant knew it.
3. That the Plaintiff purchased the property from the Defendant.
4. That the Defendant, Elda Lawrence, misled the Plaintiff concerning the septic system.
5. That the Plaintiff was damaged due to the misrepresentation by the Defendant which the Plaintiff relied upon.
1. The bold assertion that Defendant had experienced no problems with the septic system and that occasional pumping was all that was required, need not have been believed by the trial judge. Indeed, the judge might well have inferred that knowledge of the inadequacy of the system was conveyed to the Defendant by one or more of the persons engaged to pump out the system, and that she deliberately misled the Plaintiff by her statement that all that was needed so far as she knew, was an occasional pumping. Likewise, her statement and that of the tenant to the effect that routine pumping was all that she was required to do might well have been disbelieved by the judge, especially in view of the evidence that the plaintiff immediately began to experience problems and the expert opinion that the system had been in disrepair for an extended period of time prior to sale. The making of a false statement in a matter susceptible of actual knowledge is the equivalent of actual intent to deceive. Henderson v. D’Annolfo, 15 Mass. App. Ct. 513, 522 (1983).
2. There was, of course, no inconsistency in allowing the requested ruling that the evidence warranted a finding for the defendant, and yet finding for the plaintiff. L. Grossman Sons, Inc. v. Rudderham, 319 Mass. 698, 699 (1946); DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 104-105 (1975).
At the Appellate level, the plaintiff filed a Motion for Attorney’s Fees and Costs pursuant to G.L. c. 211, § 10; c. 231, § 6 F; and Rule 25 of the Rules of Appellate Procedure. The word “Court” as used in § 6 F is defined in § 6 E as “the supreme judicial court, the appeals court, the superior court, the land court, any probate court and any housing court, and any judge or justice thereof’. The provisions of § F do not apply to actions in the district courts. Rule 1 (c) of the Rules of Appellate Procedure defines Appellate Court as the “full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either . . Lower court is defined as “the single justice, court, appellate division, board, commission or other body whose decision is the subject of an appeal. .. ”. G.L. c. 211 is captioned “The Supreme Court” and that sections therein do not apply to lower courts.
A litigant must bear his own expenses except when the burden is mitigated by a statute. Mellor v. Berman, 390 Mass. 275, 284 (1983). The rule dealing with frivolous appeals in the appellate division is more limited in scope as to authority for sanctions in the event of frivolous appeals. Dist./Mun. Cts. R. Civ. P., Rule 64 (i). Although double costs may be imposed, if the objection to the rulings is found to be frivolous or intended for delay, there is no provision for awarding counsel fees.
The motion for punitive costs and attorney’s fees is denied. There being no prejudicial error, the report is dismissed.
So ordered.