5 49
88 541

# WILLIAM W. CHIPMAN and GIDEON AUGHINBAUGH, Appellants, *v.* JOSEPH EMERIC, Respondent.

Where a lease contains a covenant against assignment, and the restriction is once removed, it operates as a removal of the restriction forever.

It seems that such a restriction would not in any case be enforced so as to work a forfeiture. It is a restraint against alienation, and is against the policy of the law.

The premises in dispute were leased for six years. The provisions of the lease were, that the lessees should build a wharf on the land, but stipulated for no particular time. *Held*, that the lessor, before the expiration of the term, could have no legitimate cause of complaint.

A covenant "to let the lessor have what land he and his brothers might want for cultivation," cannot be enforced, for uncertainty.

Pleadings must be most strongly taken against the pleader.

APPEAL from the District Court of the Third Judicial District, Alameda County.

Action brought to recover the possession of a portion of a tract of land, described in the complaint as the *Encinal de San Antonio*.

In February, 1851, Antonio M. Peralta leased to Payot & Depassier, the premises in dispute, for the term of six years. The provisions of the lease were: First, That the lessees should not assign to any person without obtaining the consent of the lessor: Second, That the lessees were to build a wharf on the land: Third: That the lessor should have what land he wanted for cultivation. After underletting part of the premises to the plaintiffs, Payot & Depassier assigned the leasehold to Emeric, the respondent, with the consent of Peralta. Afterwards, and before the commencement of this action, Emeric assigned and delivered possession to one Hibberd.

Subsequent to the assignment made by Payot & Depassier, Chipman & Aughinbaugh, the plaintiffs, purchased the land from Peralta, and took a deed for the same, and a short time afterwards made a demand upon Emeric for certain land for agricultural purposes, which demand Emeric refused. This action was brought before the expiration of the lease, and up to the time of the commencement of this suit, the wharf had not been erected. Upon this state of facts, the Court gave judgment for the defendant, and denied a motion for a new trial. Plaintiffs appealed.

*A. M. Crane* and *Chas. H. S. Williams,* for Appellants.

The defendant has failed to fulfil the conditions upon which the land was held; because: First, He assigned the lease to Hibberd, without appellant's consent; Second, Of the failure to build the wharf. See Bleecker *v.* Smith, 13 Wend., 350; Third, Of the refusal to deliver up to appellants that part of the land which they demanded for cultivation. See Dygert *v.* Matthews, 11 Wend., 35. Oakley *v.* Stanley, 5 Ib., 523. Norman *v.* Wills, 17 Ib., 136.

*E. W. F. Sloan,* for Respondent.

1. The assignment was made to Emeric with the consent of Peralta; such license once given, removes the restriction forever. See Dumpoor's case; 1 Smith's Ld. C., 15, and note.

2. The provision respecting the giving of land by the lessee to the lessor, was a mere personal privilege, and the defendant was right in refusing plaintiff's demand. Emerson *v.* Fish, 6 Greenl., 205.

3. The covenant for building a wharf does not stipulate when it shall be built, and the inference is, that the lessee has the whole term to complete it.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The appellants contend that the lease is void, for three reasons:

1. The assignment to Hibberd, without appellant's consent.

2. The failure to build a wharf.

2. The refusal to let plaintiffs have the amount of land they demanded.

As to the first point, the Court below found as a fact, that Peralta,

the first grantor, had consented to the assignment of the lease to Emeric. This, if it was even necessary, is sufficient to abrogate the covenant against assignment. It is questionable whether, in any case, such a covenant would be enforced so as to produce a forfeiture. It is in restraint of alienation, and therefore against the policy of the law.

Second. The covenant to build a wharf stipulates for no particular time, and as it was to be built exclusively for the benefit of the lessees during the continuance of their term, the lessor, before the expiration of the term, can have no legitimate cause of complaint.

Third. The covenant to let the lessor have what land he and his brothers might want for cultivation, is a mere personal privilege. It was doubtless made upon some opinion which the lessees formed as to the quantity they might require, and cannot be construed to extend to any quantity which might be demanded by any successor to the lessor's rights, whose means of employing capital and labor in agriculture might be so far beyond those of the original lessor, as to take away all the benefits of the lease from the lessees. Indeed the provision is too indefinite to be enforced in favor of any one.

It is also assigned as error, that the appellants have the right to the land free from the lease, because the latter was not recorded when they took their deed of purchase. Pleadings must be most strongly taken against the pleader. In their declaration they fail to allege a want of notice of the lease. On the contrary, they set it out as if it were fully known to them before their purchase, and, as they then go on immediately following, and aver a want of notice of the assignment to Emeric, the inference is irresistible, that they had notice of the lease. It is equivalent to a direct averment of that fact.

There is no error in the record, and the judgment is affirmed.