## Samuel M. Pennock *vs.* John Lyons.

Suffolk.    March 12. — June 23. 1875. — Ames & Endicott, JJ., absent.

Land was conveyed to trustees in fee, in trust to hold the premises during the life of
A., collect and receive the rents and to pay the net income to A., and on his death
to convey the property in fee to third persons. A. died, and the trustees, in igno-
rance of his death, made a lease of the land for a term of years. *Held,* in an ac-
tion on an agreement whereby the defen ant for a valuable consideration agreed
to purchase the unexpired term of the lease of the plaintiff, there being no stip-
ulation as to title, and both parties being ignorant of A.'s decease, that the lease
was voidable only and not void, and that, there being evidence that the lease had
not been avoided, the plaintiff was entitled to maintain his action.
A condition in a lease, that the lessee or his legal representatives shall not alien with-
out the consent in writing of the lessor, is determined by an alienation with such
·consent, and no subsequent alienation is a breach of the condition.

Contract upon the following agreement, dated Boston, May
13, 1871, and signed by the defendant: "This may certify that
in consideration of one dollar to me in hand paid by S. M. Pen-
nock, I hereby agree that in case the said Pennock should be-
come the owner of the lease of the premises Nos. 43 to 45 Utica
Street, in Boston, known as the Globe Brewery, occupied by Z.
Stearns, said lease being for the term of five years from October
1, 1870, that I will purchase of him, in case he desires me to do
so, the aforesaid lease, at any time within six months from this
date, and pay him therefor the sum of twenty-five hundred dol-
lars, on condition that the said Pennock executes to me a proper
assignment or transfer of the ·lease aforesaid.   It is understood
and agreed that the lease above referred to is the same given by
the Crockers to J. H. Goodwin, and is to be on the same terms
and conditions as said original lease."

Trial in the Superior Court before *Pitman,* J., who directed
a verdict for the defendant, and made a report of the case to
this court, so much of which as is necessary to the understand-
ing of the question of law decided is stated in the opinion of the
court.

*S. Albee & W. A. Field,* for the plaintiff.

*N. Morse,* for the defendant.

Colt, J.   The defendant for good consideration agreed that,
if the plaintiff would obtain the ownership of an unexpired lease

of a certain brewery given by Crocker and others to Goodwin, he would on request within a time fixed purchase the same and pay the plaintiff therefor a sum named. The lessors in the lease are described as trustees for Eliza Walker, and there is a condition therein forbidding any assignment of the same without their consent. The plaintiff obtained such consent, and the lease was duly assigned by Goodwin to him. He now brings this action to recover damages for the defendant's refusal to accept an assignment of it and pay therefor the sum agreed.

The defence is that at the time the lease was executed, and the consent to the assignment given, the authority of the trustees to make the lease or give the consent, had been terminated by the death of Mrs. Walker, which had occurred in Paris during the siege, without their knowledge, so that the plaintiff had no title to the premises under the lease and no right to assign the same to the defendant. The property was held in trust to collect the rents and income and pay the same to Mrs. Walker for life, and upon her decease to convey it to those who should be then entitled to it. Until the property was so conveyed, the legal title in fee was in the lessors. It was so at the time the lease in question was executed and delivered, and at the time it was assigned to Pennock with the lessors' consent, and it was so when the lease was tendered to the defendant. Neither the lease, nor the assent of the trustees to the assignment, was absolutely void. As to all parties thereto it was a valid lease. At most, it was voidable only by those who were entitled to a conveyance from the trustees. The assignment tendered by the plaintiff to the defendant would have conveyed to him the legal title to the lease, and the assent of the lessors to that assignment was not necessary, because the condition in the lease, which required it, had been dispensed with by their assent to the first assignment. *Dumpor's Case*, 4 Rep. 119; 1 Smith Lead. Cas. 15. *Gannett* v. *Albree*, 103 Mass. 372. There is nothing in the agreement upon which this action is brought, which requires the plaintiff to furnish a perfectly good title under the lease. It is to be construed by the subject matter, the circumstances known to the parties, and the relations existing between them. The plaintiff purchased this particular outstanding lease and "became the owner of it" at the defendant's request, and any assignment

which transferred this lease to the defendant satisfied the plaintiff's part of the agreement. Whatever risk of title there was must fall on the defendant. In *Austin* v. *Harris*, 10 Gray, 296, cited by the defendant, the agreement, in addition to an assignment of the lease, was for the giving up and surrender of all that part of the building occupied by the lessee, and the decision is put on the ground that there was an agreement to give- up the legal possession, if not more. It ought not to govern this case.

The case should therefore have been submitted to the jury. It was error to rule as matter of law that the action could not be maintained.                *Verdict set aside.*