200 P.2d 717

### BARBER v. HYDER et al.

### No. 5134.

Supreme Court of New Mexico.

Nov. 24, 1948.

Rehearing Denied Dec. 30, 1948.

Owen B. Marron and Alfred H. McRae,, both of Albuquerque, for appellants.

Adams & Chase, of Albuquerque, for appellee.

BRICE, Chief Justice.

This is a suit for a statutory declaratory judgment.

The parties agree that the sole question to be decided is, "Whether a covenant not to assign a lease without the written consent of the landlord is enforcible against the assignee of the tenant under the circumstances present in this case." The trial court was of the opinion that the covenant was not enforcible because within the rule laid down in Dumpor's Case, 76 Eng. Reprint, 1110; and entered a decree accordingly for plaintiff (appellee).

The facts are not in dispute and are as follows:

On August 21, 1941, appellants, as lessors, entered into a written lease with Francis A. Peloso, H. A. Ingalls and Joe Barnett, as lessees, covering the premises therein described, for a fifteen year term commencing December 6, 1941, and ending on December 5, 1956. Article 6 of the lease is a covenant against assignment and underletting, the material language of which is:

"And it is further agreed by the tenant, that neither tenant nor tenant's legal representatives will underlet said premises or assign this lease without the written assent of the landlord first had and obtained thereto. * * *"

Article 9 of the lease is the conventional provision setting forth the remedies of the landlord in the event of breach or default by the tenant. The language material to the controversy is:

"It is expressly understood and agreed between the parties aforesaid * * * if default shall be made in any of the covenants or agreements herein contained to be kept by the tenant * * * it shall be lawful for the landlord * * * to declare said term ended and into said premises * * * to reenter * * *."

On October 19, 1943, Ingalls, one of the original lessees, assigned his interest under the lease to his co-tenant, Peloso, and the defendant landlords consented to this assignment.

On January 7, 1947, the remaining tenants, Peloso and Barnett, assigned the entire lease to the plaintiff, appellee, by an instrument in writing which was executed by the assignors and assignee. This assignment was consented to in writing by the appellant landlords.

The material language in the instrument by which the lease was assigned is as follows:

"* * * the assignors hereby assign to the assignee all and singular their right, title and interest in and to said lease. * * *

"To hold the same to the assignee for the residue now unexpired of the said term, subject to the payment of the rent and the performance and observance of the covenants, conditions and stipulations in the said lease reserved and contained and henceforth on the assignee's part to be paid, performed and observed.

"And assignee covenants with the assignors henceforth during the continuance of the said term to pay the rents reserved and to perform and observe the covenants, conditions and stipulations within the said lease contained and on the part of the lessee therein to be performed and observed. * * *"

In November, 1947, appellee approached appellants and advised them that he had sold his business being conducted on the leased premises, and claimed the right to assign the lease without the consent of the landlords.

Defendants have refused to give their consent to any such proposed assignment of said lease unless a money consideration therefor be paid to them.

The parties agree that we adopted the rule in Dumpor's Case in our adoption of the common law of England, Sec. 19-303, N.M.Sts. 1941, but appellant contends that the cases are distinguishable because of factual differences.

That part of the decision in Dumpor's Case material here is copied in appellant's brief, as follows:

"And in this case divers points were debated and resolved: first, that the alienation by license to Tubbe, had determined the condition, so that no alienation which he might afterwards make could break the proviso or give cause of entry to the lessors, for the lessors could not dispense with an alienation for one time, and that the same estate should remain subject to the proviso after. And although the proviso be, that the lessee or his assigns shall not alien, they shall never defeat, by force of the said proviso, the term which is aliened by their license, inasmuch as the assignee has the same term which was assigned by their assent: so if the lessors dispense with one alienation, they thereby dispense with

all alienations after; for inasmuch as by force of the lessor's license, and of the lessee's assignment, the estate and interest of Tubbe was absolute, it is not possible that his assignee, who has his estate and interest, shall be subject to the first condition; and as the dispensation of one alienation is the dispensation of all others, so it is as to the persons, for if the lessors dispense with one, all the others are at liberty." 76 Eng.Reprint 1110.

The rule in Dumpor's case was the law in England until changed by a statute of Victoria, Brummell v. MacPherson, 14 Ves. Jr. 173, 33 Eng.Reprint 487; Macher v. Founding Hospital, 1 Ves. & B. 188, 35 Eng.Reprint 74, although criticised in the Brummell case; and was thought to be binding in this country, though sometimes criticised by the American courts, until the decision in Investors' Guaranty Corp. v. Thomson, 31 Wyo. 264, 225 P. 590, 594, 32 A.L.R. 1071. The Wyoming court in an able opinion overruled Dumpor's Case insofar as it applied to the facts of the Thomson case. In each of the leases involved in Dumpor's Case and in the Thomson case there was a provision that neither the lessee *nor his assigns* should alienate the leased property without the permission of the lessor. The cases were quite similar. We will not go into the question, but refer those interested to the Thomson opinion. This case is quite different from that one. There is no covenant in the lease involved here prohibiting the lessee's assigns from assigning the lease. On that question the Wyoming court said in the Thomson opinion regarding covenants that are single as to person (as in this case) or purpose:

"First, those where the covenant or condition was actually single, either as to person or purpose. This includes, as we read the cases, Chipman v. Emeric, 5 Cal. 49, 63 Am.Dec. 80 (see Id., 3 Cal. [273], 277); Dougherty v. Matthews, 35 Mo. 520, 88 Am.Dec. 126; Murray v. Harway, 56 N. Y. 337; Lynde v. Hough, 27 Barb., N.Y., 415; Reid v. John F. Wiessner Brewing Co., 88 Md. 234, 49 A. 877; Sharon Iron Co. v. City of Erie, 41 Pa. [341], 351; Easley Coal Co. v. Brush Creek Coal Co., 91 W.Va. 291, 112 S.E. 512. In all but one of these cases only the lessee himself was forbidden to assign, and the assignees were not. In the other case (41 Pa. [341], 351) the object, the purpose, of the condition was single. There is, of course, no doubt that many conditions are single, as they were in the cases just cited. In such case the view that a waiver of the condition—since conditions are construed strictly—necessarily destroys the whole is probably correct. As was said in Granite Bldg. Ass'n v. Greene, 25 R.I. 48, 54 A. 792: 'The rule seems to be well settled that, where a condition in a lease is single, it is wholly discharged by one waiver.'

"We have no fault to find with that general rule, but to cite Dumpor's case as sustaining it, is at least misleading. True, that case necessarily includes that rule, and it may be that it has so often been cited because of that fact. See Hartford Deposit Co. v. Rosenthal, 192 Ill.App. 211. But that is not the gist of that case. The vital point of that case, the vice of it, is that it holds that a condition in a lease is single, notwithstanding the fact that it is made binding not only upon the lessee but also upon his assigns, and that hence one license destroys the whole condition."

After the first assignment with the lessor's consent, the covenant (which bound lessee only) was no longer a part of the lease; and the provision in the second assignment to the effect that the assignee would "perform and observe the covenants, conditions and stipulations within the said lease contained," did not include the covenant against assignments, which bound lessee only. See cases cited in quotation from the Thomson case on this question; and generally on the rule in Dumpor's Case; Aste v. Putnam Hotel Co., 247 Mass. 147, 141 N.E. 666, 31 A.L.R. 149, and cases in annotations in A.L.R. following this case.

The judgment of the district court should be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.