McHugh, J.
First of all, interpretation of unambiguous contractual language presents a question of law for the court. Somerset Savings Bank v. Chicago Title Insurance Company, 420 Mass. 422, 427-28 (1995); Sarvis v. Cooper, 40 Mass.App.Ct. 471, 475 (1996). Here, the guide to construction on which defendant relies does not yield the result defendant seeks. Although all of the security devices listed in the contractual definition of "security deposit” have a generic meaning, each of these devices comes in an almost infinite variety. Even a “cash" deposit can take a variety of “forms,” e.g., a deposit in the legal tender of some foreign jurisdiction, a deposit wholly under the control of the depositor, a deposit wholly under the control of the recipient, a deposit tendered in a duffle bag full of ten-dollar bills, a deposit tendered through wire transfer, etc. Thus the “acceptability” clause modifies the entire sentence and the form of the letter of credit defendant sought to provide had to be acceptable to plaintiff.[1]
Secondly, Article XXIII(b), on its face, is a perfectly valid limitation of liability clause indistinguishable in effect from clauses of similar tenor upheld in other cases. See generally, e.g., Canal Electric Company v. Westinghouse Electric Corp., 406 Mass 369, 374-76 (1990). The mere incantation of c. 93A does not strip that clause of its limiting effect. Id. at 379. See also Logan Equipment Corp. v. Simon Aerials, Inc., 736 F.Sup. 1188, 1205 (D. Mass. 1990). At the same time, application of that clause, like application of every other clause in the contract, is subject to the covenant of good faith and fair dealing that is part of every Massachusetts contract. See generally Starr v. Fordham, 420 Mass. 178, 184 (1995). The covenant *84 means “that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.” Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-72 (1991). If therefore, plaintiff used its right to reject an unsatisfactory security deposit primarily to deprive defendant of the benefits of the contract and not to secure itself against defendant’s defective performance then I am of the opinion that plaintiff would be unable to use the provisions of Article XXIII(b) to shield itself from the consequences of its own bad faith.[2]
Combining those principles produces this result: Under the contract, plaintiff had the right to demand a letter of credit in a form acceptable to it and to reject an unacceptable letter. It was required to exercise that right in a manner consistent with the covenant of good faith and fair dealing. If, but only if, it did not exercise that right in a manner consistent with the covenant, the provisions of Article XXIII (b) of the contract would not limit the damages defendant was able to recover. On this record, plaintiff has not met the initial burden imposed on it with respect to eliminating any genuine issue of material fact as to its own good faith in rejecting the letter of credit defendant tendered. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). See generally Smith v. Massimiano, 414 Mass. 81, 85-6 (1993).
ORDER
In light of the foregoing, it is hereby ordered that
1. Defendant’s Motion for Summary Judgment should be and it hereby js DENIED and summary judgment on the issue if the meaning of the contractual definition of “security deposit” is granted to plaintiff. See Mass.R.Civ.P. 56(c) (last sentence), (d).
2. Plaintiffs Motion for Summary Judgment should be and it hereby is DENIED.

 The parties have not discussed whether defendant’s dissatisfaction with the form had to be reasonable or whether genuine dissatisfaction for whatever reason would suffice. Cf. 21 Merchants Row Corporation v. Merchants Row, Inc., 412 Mass. 204 (1992). I venture no thoughts on that subject here.

 There is, of course, a difference between a breach of contract and a violation of the covenant of good faith and fair dealing. More specifically, even if it were proved that plaintiff rejected a letter of credit defendant tendered for contractually impermissible reasons, see, e.g., n.1, supra, that rejection, without more, would not necessarily amount to a violation of the covenant of good faith and fair dealing.