CANTRELL and KOCH, JJ., concur.

**Charlotte E. CANTRELL, Plaintiff-Appellee,**

v.

**Susan Rogers HENRY, Administratrix of the Estate of Walter Lee Rogers, et al., Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

April 23, 1985.

Rehearing Denied May 17, 1985.

Application for Permission to Appeal Denied by Supreme Court Aug. 12, 1985.

Gary R. Wade, Sevierville, for plaintiff-appellee.

Steven E. Marshall, Sevierville, for defendants-appellants.

NEARN, Presiding Judge, Western Section.

The principal issue tried and on appeal is whether there was a delivery of certain deeds.

Charlotte Cantrell and Walter Lee Rogers, without benefit of clergy, lived together as man and wife for about four years. While they were so residing Walter Lee Rogers died on or about March 6, 1982. About four days after Rogers' death, Charlotte Cantrell had recorded two deeds executed by Rogers conveying interests to herself. The first deed covered about 24 acres which we will refer to as the "farm" and conveyed all of Rogers' interest therein to Charlotte Cantrell. The other deed conveyed to Charlotte only a one-half interest in a residential lot which we will designate as the "Retirement" lot such designation being taken from the name of a subdivision wherein a part is located.

In December 1982, Charlotte Cantrell filed an action in the Chancery Court of Sevier County seeking a sale for partition of the "Retirement" lot and to quiet title to the farm because it was alleged that the defendants, Susan Rogers Henry, the Administratrix of the estate of Walter Lee Rogers, and the other defendants being the heirs of Rogers, were claiming an interest in the farm.

This action by Cantrell for partition and *quia timet* has brought forth just about the most interesting consolidation of cases, claims and appeals that this Court has ever seen. It seems that the Rogers estate was verging on if not already insolvent so the matter of the Rogers estate seems to have been transferred to the Chancery Court for administration. This brought along with it certain claims pending against and by the estate vis a vis Charlotte Cantrell and the estate. One of these matters was a claim against the estate by Charlotte Cantrell for $3,000.00 loaned to Rogers. Also, it seems

there were sundry claims and/or disputes between Charlotte Cantrell and the Rogers estate over a horse, a buggy and other items, and including a dispute between the estate and Charlotte Cantrell over the removal of a headstone from Rogers' grave placed there by Charlotte Cantrell which did not suit his children's taste. The suit over the horse and the tombstone had been tried in the Trial Justice Court of Sevier County and one side or the other to these proceedings had appealed the judgment of the Trial Justice Court (whatever those decisions might have been) to the Circuit Court of Sevier County. The upshot of the matter is that Chancellor Rainwater, with consent of all the parties, took over the administration of the Rogers estate, either reheard or heard the various claims and counter claims filed against the estate, heard *de novo* the appeals pending in the Circuit Court regarding the horse and tombstone judgments rendered in the Trial Justice Court of Sevier County, approved the sale for partition of the jointly owned property and quieted title to the farm property all in one consolidated cause. Whether all of these matters were heard by the Chancellor by consolidation or by interchange we are not sure. However, we are sure that they were all heard together by consent of all the parties and the gumption of the Chancellor. Since no one can now complain, it is enough for us.

The only portions of the Chancellor's judgment that is contested on appeal is contested by the defendants and it is those parts wherein he declared that there had been a delivery of the deeds to Charlotte Cantrell, that a certain indebtedness was not hers and that the balance in a joint checking account was hers. Counsel for appellants presents those issues as follows:

I. Whether the Trial Court erred in holding there was a valid delivery of certain deeds to plaintiff, absent clear and convincing evidence of delivery, donative intent and lack of control over the deeds by the alleged grantor?

II. Whether the Court below erred in holding that plaintiff was entitled to the funds from an alleged joint checking account with right of survivorship, absent clear and convincing evidence of the creation of said account?

III. Whether the Trial Court was in error in admitting testimony, over objection, of transactions between a decedent and a party to those transactions in violation of the "Deadman's Statute" (Tennessee Code Annotated § 24–1–203)?

IV. If the Trial Court was correct in holding there was a valid delivery of the deeds, whether plaintiff should be required to contribute to defendant-appellant one-half (½) of the mortgage?

▆▆▆▆ As to the first two issues, we review the factual finding of the Chancellor under the preponderance of the evidence Rule. See Rule 13(d) T.R.A.P. In addition, we do not perceive the burden to have been upon any one to prove by "clear and convincing evidence" the fact of anything to the Chancellor. The burden was one of simple preponderance.

▆▆▆▆ The first question properly stated is whether the evidence preponderates against the finding of delivery by the Chancellor. The answer is it does not. All charges of undue influence and fraud were withdrawn by counsel for appellant since there was absolutely no proof thereof. The undisputed facts show that the deceased had the deeds in question drawn by his attorney, were executed before a notary public and in all things are facially perfect. The only thing different from the ordinary, is that they were not recorded until shortly after the death of the grantor. Such fact raises no presumption of non-delivery. *Chester vs. Greer*, (1844) 5 Humph. 26, 24 Tenn. 26. The preponderance if not all the evidence is that Rogers delivered the deeds to Cantrell and even made comments before his demise that she had the deeds. There is no competent evidence in this record from which it could be said that there was no delivery.

▆▆▆▆ In one of the consolidated proceedings the estate sought to claim that $2,500.00 drawn out of a joint checking account by Cantrell was the sole property of the deceased. The burden was on the estate to prove that which they alleged. *Galbreath vs. Nolan*, (1968 M.S.) 58 Tenn. App. 260, 429 S.W.2d 449. The only proof as to the nature of the account and the transaction was adduced from Cantrell who testified to the effect that it was a joint account with the right of survivorship and that she advised the bank of Rogers' death prior to drawing out the $2,500.00 and the bank approved the transaction. The estate called no one from the bank or adduced any proof whatsoever to prove otherwise. Since the burden was on the estate to show that the funds were not jointly owned with the right of survivorship, the estate cannot fault the Chancellor for failing to find that which it did not prove.

▆▆▆▆ Rule 6 of the Rules of the Court of Appeals provides that counsel shall point out in the record where the error can be found, where objection was made, *and how appellant was prejudiced by such alleged error.* Counsel cannot show how he was adversely affected by the Court's ruling regarding the deadman's statute and such issue is an absolute waste of our time. The "adverse" ruling came about when Cantrell was attempting to make her claim against the estate for $3,000.00 allegedly loaned Rogers. She attempted to prove the loan by conversations she had with the deceased. Counsel for appellant objected to such testimony and the Court overruled the objection and that overruling is the subject of the third question presented. Our query is: How does that ruling harm the estate? After having heard the objected to evidence the Chancellor ruled that Cantrell had not carried the burden of proving her $3,000.00 claim. Whether the evidence was included or not makes no difference as appellants won at the trial level on that issue tried and were certainly not prejudiced by the Chancellor's "adverse" ruling on the deadman statute.

■ There is no merit to the fourth issue. All the proof is that the mortgage indebtedness on the jointly held property represented funds received by Rogers. Further, counsel for appellant admits that Charlotte Cantrell took her interest in the property "subject to" any indebtedness and assumed nothing. Accordingly, the Chancellor ruled that when the Retirement property was sold, the mortgage would be satisfied out of Rogers' half and not out of the Cantrell half. We see nothing wrong, illegal or inequitable about that holding.

The result is that all issues are found against appellant and the Chancellor is affirmed with costs of appeal adjudged against appellant and surety.

Done at Knoxville in the two hundred and ninth year of our Independence and in the one hundred and ninetieth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.

### ORDER

The petition of the Appellant, Susan Rogers Henry, is respectfully denied.