**UNITED STATES of America**

v.

**Domenic LOMBARDI, Jr., a/k/a Domenic Lombardi, John T. Lombardi, and Dona J. Lombardi.**

**Civil Action No. 94–0507–T.**

United States District Court, D. Rhode Island.

May 13, 1996.

Michael P. Iannotti, Asst. U.S. Attorney, United States Attorney's Office, Providence, RI, for Plaintiff.

Stephen M. Litwin, Peter P. D'Amico, D'Amico & Litwin, Providence, RI, for Defendants.

### *MEMORANDUM AND ORDER*

TORRES, District Judge.

The United States brought this action pursuant to 28 U.S.C. §§ 3301, *et seq.,* seeking avoidance of an allegedly fraudulent transfer of real estate. The government also asks for other relief but has failed to adequately explain the basis for granting the additional relief.

The issue presented is whether the property in question was conveyed before the transferor's obligation to pay a criminal fine arose. After hearing the evidence presented during a bench trial and for reasons stated below, I

find that the purported transfer was fraudulent and that judgment should enter declaring the transfer void to the extent of the transferor's debt to the United States.

## Facts

On August 12, 1992, Domenic Lombardi pled guilty to charges of conspiracy, mail fraud, money laundering and the use of fire to commit a federal crime. One month later he pled guilty to additional charges of mail fraud and conspiracy to commit mail fraud. Prior to being sentenced, Lombardi informed the probation officer assigned to his cases that he owned no real estate and had no other assets. That representation was incorporated into the pre-sentence report. In December 1992, Lombardi was sentenced to terms of imprisonment in both cases and was fined a total of $70,400. No portion of the fine has been paid.

On January 22, 1993, one month after Lombardi was sentenced, a quit claim deed (the "deed") was recorded in which Lombardi purported to convey all of his interest in his residence at 163 New London Avenue in the town of West Warwick, Rhode Island, to his two children. Lombardi acknowledges that he received no consideration for that deed.

Upon learning of that conveyance, the government prosecuted Lombardi, pursuant to 18 U.S.C. § 1001 alleging that Lombardi's previous disclaimer of an ownership interest in any real estate was false. A jury found Lombardi guilty but before sentence could be imposed, the United States Supreme Court decided *Hubbard v. United States*, —— U.S. ——, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995), in which it held that a federal court is neither a department nor agency within the meaning of § 1001. Since Probation and Pretrial Services is an arm of the District Court, this Court vacated Lombardi's conviction.

Lombardi's position in this case is very similar to the defense presented in the § 1001 prosecution. He contends that at the time he was sentenced in the two fraud cases, he no longer owned the residence at 163 New London Avenue. Specifically, Lombardi testified that as part of his estate plan, he transferred his interest in the property to his children in 1991 by executing the deed in

question and delivering it to his daughter, Dona, for recording. Dona Lombardi stated that, instead of recording the deed, she kept it in a safe place but could not recall where.

On January 13, 1993, Dona, accompanied by a notary public, brought the deed to the prison where Lombardi was incarcerated for the purpose of having Lombardi's signature acknowledged.

Dona was unable to explain what prompted her to take that action. The notary, who is a relative of the Lombardis, testified that, when he first saw the deed, Domenic Lombardi's signature was already on it. However, the notary required Lombardi to sign the deed again in his presence.

The date of January 13, 1993, appears on the deed above Lombardi's signature as grantor and, again, in the notarial clause. The month and day are handwritten in both places and the notary acknowledged that the handwriting is his, thereby indicating that Lombardi's previous signature was undated. In both places, the first three digits of the year were typed but a handwritten "3" was superimposed on the last digit. The last digit as originally typed is illegible. The notary could not recall why the year was changed, who changed it, or what date originally appeared at that portion of the deed.

Obviously, these facts and the testimony of the Lombardis raise serious questions regarding their credibility. However, even if their testimony is true, it is insufficient to rebut the evidence that Domenic Lombardi still owned 163 New London Avenue at the time his fine was imposed.

## Discussion

 Title 28, subchapter D of the United States Code permits the United States to avoid fraudulent transfers of property made by persons indebted to the United States to the extent necessary to satisfy the amount owed. 28 U.S.C. § 3306(a). A transfer is deemed fraudulent if:

1. The debt to the United States "arises before the transfer is made;" and

2. The debtor does not receive equivalent value in exchange for the transfer; and

3. The debtor is insolvent at the time of the transfer or becomes insolvent as a result of the transfer. 28 U.S.C. § 3304(a)(1).

In this case, it is undisputed that Domenic Lombardi received nothing of value in exchange for his interest in 163 New London Avenue. Consequently, the first determination to be made is whether he transferred that interest before his fine was imposed. Section 3305 provides that:

> a transfer [of real property] is made ... when the transfer is so far perfected that a good-faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee.

28 U.S.C. § 3305(1).

In order to determine the point at which a hypothetical good faith purchaser from Lombardi would have been unable to acquire an interest superior to Lombardi's children, one must look to Rhode Island law. *General Laws of Rhode Island* § 34–11–1 provides that, with certain exceptions not applicable to this case, a transfer of real estate is "void" unless it is:

1. In writing; and
2. Signed by the grantor; and
3. Acknowledged by the grantor before a notary public or other authorized individual; and
4. Delivered; and
5. Recorded in the town or city where the real estate is located.

R.I.G.L. § 34–11–1; *see also* R.I.G.L. § 34–12–1 and R.I.G.L. § 34–12–2 (prescribing the manner of acknowledgment and identifying individuals authorized to take acknowledgments).

Since Lombardi, himself, concedes that the deed in question was neither acknowledged nor recorded until January 1993, it was insufficient to prevent a good faith purchaser from acquiring superior title before that time. Those omissions are especially telling in this case because, as one engaged in the real estate business, Lombardi presumably was aware that a deed is not even eligible for recording unless the grantor's signature is notarized. R.I.G.L. § 34–11–1. In short, for purposes of § 3305(1), the transfer of Lombardi's interest was not made until January 22, 1993, one month after Lombardi's fine was imposed.

The only remaining question is whether Lombardi was either insolvent at the time of the transfer or was rendered insolvent by the transfer. A person is insolvent if the sum of his debts is greater than all of his assets and he is presumed insolvent if he fails to pay his debts as they become due. 28 U.S.C. § 3302. Here, as already noted, in 1992 Lombardi informed his probation officer that he had no assets. In addition, he later represented to the Court that he was indigent when he requested that counsel be appointed to defend him in the § 1001 prosecution. Therefore, he has, in effect, admitted his insolvency at the time of the challenged transfer.

### Conclusion

For all of the foregoing reasons, I find that Domenic Lombardi's obligation to the United States arose before the purported transfer of his interest in 163 New London Avenue and that such transfer was fraudulent as to the United States within the meaning of 28 U.S.C. § 3304(a)(1). Accordingly, the Clerk is directed to enter judgment in favor of the United States declaring that the deed dated January 13, 1993, transferring Domenic Lombardi's interest in 163 New London Avenue to his children John and Dona is void to the extent necessary to satisfy Mr. Lombardi's debt to the United States of $70,400 plus interest.

IT IS SO ORDERED.