DECISION
Before the Court is the appeal of Isabella Manfredi (Manfredi) from a decision of the Rhode Island Department of Human Services (DHS) which determined that Manfredi transferred her property in February of 1997 to her nephews (the nephews) for the purpose of establishing eligibility for Medical Assistance for the cost of Long Term Care. The plaintiff seeks a reversal of DHS's decision and removal of the thirty-four month restriction on her Medical Assistance. The plaintiff also requests attorney's fees under G.L. 1956 § 42-35-15, et seq. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts/Travel
This action arises out of the conveyance of land by Isabella Manfredi to her two nephews, Frank A. Ciccone III and Robert P. Ciccone. Manfredi owned property at 28 Mercy Street in Providence, Rhode Island (the property). This property was the personal and primary residence of Manfredi. The property was the subject of three conveyances all of which conveyed the property to the nephews of Mrs. Manfredi.
The first of these conveyances occurred on January 23, 1991, wherein Manfredi conveyed the property by quitclaim deed to her two nephews for the consideration of one dollar and other considerations. The deed stipulated that Manfredi would remain a resident of this property until her death and that she would assume liability for the payment of taxes, water, sewerage and insurance bills. Pursuant to the deed, Mrs. Manfredi's nephews were responsible for repair and remodeling. The conveyance of the property was not recorded in the Land Evidence Records of the City of Providence.
In January 1997, Manfredi was hospitalized with a serious illness and was awaiting a nursing home placement. On February 1, 1997, Manfredi in what is considered the second conveyance, granted the property located at 28 Mercy Street to her two nephews, while retaining a life estate in same property. This transaction, unlike the prior conveyance, was recorded in the Land Evidence Records of the Providence City Clerk's Office.
On September 17, 1997, Manfredi conveyed for a third and final time, the property to her two nephews by quitclaim deed. This conveyance ended the life estate and granted the nephews complete ownership of the property. This deed was properly recorded in the Land Evidence Records of the Providence City Clerk's Office.
Manfredi's impending illness prompted her to apply for LTC-Related Medical Assistance Benefits. Upon receiving Manfredi's application, the agency learned of the various property transactions and conducted an investigation. The LTC Administrator's Office ruled that the transfer of the property occurred during the February and September 1997 transfers and not as a result of the January 23, 1991 transaction. The agency informed Manfredi that because the property transfer occurred in 1997, she would not be eligible for the LTC-Related Medical Assistance Benefits. The agency further found that such a conveyance violated § 0384.10 Ind Inelig For NF Payment [sic] of the Rhode Island Department of Human Services Manual. The DHS calculated the length of the penalty according to § 0384.20 to be thirty-four months and determined the penalty period would end on November 30, 1999. The instant appeal followed.
 Standard of Review
The scope of this Court's review of decisions of administrative agencies, including decisions of the Department of Human Services, is defined by R.I. General Laws 1956, §42-35-15 as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) in violation of constitutional or statutory provisions;
 (2) in excess of the statutory authority of the agency;
 (3) made upon lawful procedure;
 (4) affected by other error of law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 (6) arbitrary or capricious or characterized by an abuse of discretion or clearly Unwarranted exercise of discretion."
Pursuant to § 42-35-15, a reviewing court cannot substitute its judgment for that of the agency in regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact. Costa v. Registrar of MotorVehicles, 543 A.2d 1307, 1309 (R.I. 1988). An administrative decision will be reversed only if it is clearly erroneous in light of the reliable, probative and substantial evidence contained in the record. Id. The Superior Court must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support. Rocha v. Public Util. Com'n., 694 A.2d 722, 726 (citingSartor v. Coastal Resources Management Council, 542 A.2d 1077, 1083 (R.I. 1988)).
 Conveyance of the Property
The appellant claims that she transferred her property on January 23, 1991 to her two nephews by quitclaim deed. Therefore, she argues that any penalty period which may exist has expired and that she should be eligible for Long Term Institutional Care. The DHS asserts that the January 23, 1991 transfer was invalid because the deed evidencing the transfer was not recorded in the Land Evidence Records.
The DHS contends that the actual transfer occurred in February 1997 because this transfer, unlike the 1991 transfer, was properly recorded in the Land Evidence Records. The DHS determined that Manfredi was ineligible to receive benefits under the Medical Assistance Program for a period of thirty-four months because her transfer occurred within thirty months of her being institutionalized. The DHS maintains that if not for the transfer of the appellant's property in 1997, appellant would be eligible for Medical Assistance. See DHS brief in Support of Agency Decision at 6. The DHS believes that § 0384.10 of the DHS manual supports their position. Said section provides:
 Any transfer of resources is presumed to have been for the purpose of establishing eligibility for Medical Assistance payment for the costs of institutional care.
 There will be a period of ineligibility for payment for Long Term Care Services for eligible institutionalized individuals who transfer resources on or after October 1, 1989 for less than fair market value within 30 months prior to, or anytime [sic] after, the time the institutionalized individual continuously resides in an institution. There will be a period of ineligibility for payment of Long Term Care Services for eligible institutionalized individuals who transfer resources on or after August 11, 1993 for less than fair market value within 36 months prior to, or anytime [sic] after, the time the institutionalized individual continuously resides in an institution. Exceptions are specified in Sections 0384.35 and 0384.45.
This section creates a presumption of ineligibility with regard to any transfer that is executed for less than fair market value and occurs within thirty months prior to, or any time after, the time the institutionalized individual continuously resides in an institution. If the applicant wishes to rebut the presumption, the agency representative shall explain that it is the applicant's responsibility to make a satisfactory showing that the resources were transferred exclusively for some other reason. See § 0384.45 Rebut of Presump of Prohib Trans. [sic] The burden of proof rests with the applicant. See Department ofHuman Services Manual Resource Transfers § 0384.40. Whether a valid transfer occurred on January 23, 1991 becomes the critical issue. If the transfer was not valid, the burden rests upon the applicant. If the transfer was valid, there is no presumption of ineligibility to rebut because the transfer falls outside the purview of § 0384.10 in that the property transfer occurred six years prior to Manfredi being institutionalized. Accordingly, at issue is whether there was a valid delivery of the deed on January 23, 1991.
A deed is effective only when it is delivered, and an undelivered deed passes no title. Ordinarily, delivery involves a physical transfer of possession of the deed from the grantor to grantee, but this is not essential. Cunningham, Stoebuck and Whitman, The Law of Property § 11.3 at 781. To effect a conveyance transferring title, a deed must be both executed and delivered. Lenhart v. Desmond, 705 P.2d 338 (Wyo. 1985). The DHS found that the January 23, 1991 conveyance was invalid because it did not comply with the recording requirement of R.I. G.L. 1956 § 34-11-1, Conveyances Required to be in Writing andRecorded, which states in part:
 Every conveyance of lands, tenements or hereditament absolutely, by way of mortgage, or on condition, use or trust, for any term longer than one year, and all declarations of trusts concerning the conveyance, shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where lands, tenements or hereditaments are situated; provided, however, that the conveyance, if delivered, as between the parties and their heirs, and as against those taking by gift or devise, or those having notice thereof, shall be valid and binding although not acknowledged or recorded. (Emphasis added.)
This statute specifically provides that delivery without recordation can be valid.
The delivery of deed is essential to its validity, and deed becomes effective only at the time of its delivery. The delivery of a deed occurs when grantor intends to effect present transfer of property conveyed, and grantee assents to conveyance. Gravesv. Hutchinson, 659 N.E.2d 1212, 1216 (Mass. 1995). "Delivery" refers not to the date on which possession is transferred, but rather, to the closing date or the date on which the deed to the property is transferred. Richardson v. Kelley Land and CattleCompany, 504 F.2d 30, 31 (8th Cir. 1974). The term "delivery" is a word or act indicating grantor's intent to give immediate effect to the instrument creating present transfer of title. Inre Van Houten, 56 B.R. 891 (Mich. 1986). The Department of Health Services Manual, section 0384.15, describes "transfer" as the conveyance of right, title, or interest in either real or personal property from one person to another by sale, gift, or other process. A literal reading of the term "other process" would include other ways to effect a valid transfer.
It is well-settled that delivery is supported by the surrounding facts of each case. Every deed is to be construed so as to give effect to intent of the parties as manifested by words used, interpreted in light of material circumstances and pertinent facts known to them at time it was executed. Walker v.Sanderson, 204 N.E.2d 108, 348 Mass. 409 (1965). The cardinal rule in construction of deeds and other written instruments is to give effect to the intent of parties whenever that intent can be ascertained, insofar as rules of law will permit. United Statesv. Beals, 200 F. Supp. 440 (D.R.I. 1966).
In the instant case, Mrs. Manfredi, the grantor, executed a signed, dated, and notarized quitclaim deed drafted by her attorney to her two nephews on January 23, 1991. This deed clearly established that Mrs. Manfredi was to retain certain privileges and obligations in association with the property. Specifically, Manfredi was to remain a resident of the property until her death, she was to assume liability for the payment of taxes, water, sewerage and insurance; and the deed also provided that Manfredi be entitled to any and all rent collected from the first floor tenement located at the property. Such a document evidences the intent of Mrs. Manfredi to convey title to her nephews. Furthermore, the Hearing Board found in its findings of fact that a transfer of the property occurred on January 23, 1991[1].
In Cantrell v. Henry, the court determined there was a valid delivery of deed to grantee, although the deed was not recorded until approximately four days after grantor's death, where the deed was drawn by grantor's attorney, was executed before a notary public, and in all things was facially perfect.696 S.W.2d 12 (Tenn. App. 1985). The court also determined that the fact that the deed was not recorded until after the death of the grantor raised no presumption of non delivery. In Dunn v.Heasley, 30 N.E.2d 628 (Ill. 1940), one of the factors mentioned by the court as tending to show a delivery was the fact that the grantor handed the deed, properly executed and acknowledged, to the grantee, and there was nothing to show that grantor did not intend the deed to be legally operative when grantor handed it to the grantee. Even when the grantor retains a life estate, or continues to pay taxes, courts have determined that there was a valid delivery. Merit v. Rey, 286 P. 510 (Cal. 1930) (grantor remained in possession of property, paid taxes, insurance, and cost of improvements).
Accordingly, the agency's finding that the property was transferred in 1997 was an error of law. The failure to record the deed from the January 23, 1991 conveyance does not affect the nephews' right to title; rather the nephews' failure to record merely left them unprotected as record title holders from subsequent purchasers who recorded before them.
Case law demonstrates that the function of recording is to protect title holders from subsequent bona fide purchasers; it does not mean that in order to gain title a deed must be recorded. In United States v. Lombardi, 924 F. Supp. 361 (D.R.I. 1996), the deed in question was neither acknowledged nor recorded until two years after the purported transaction. The deed was insufficient to prevent a good faith purchaser from acquiring superior title before that time. An unrecorded deed from Commonwealth conveyed to grantee legal title to realty described as between the parties thereto. City of Boston v. Quincy MarketCold Storage Warehouse Co., 45 N.E.2d 959, 312 Mass. 638
(1959). Although an unrecorded conveyance is void as to third parties, as between parties, an unrecorded conveyance makes grantee actual owner of property. In Re Dibert, Bancroft RossCo., Ltd. B.R. 688, (La. 1996).
Furthermore, in 1991, Rhode Island General Law § 34-11-4,Delivery of Conveyance Sufficient to Pass Title, was in effect, and was controlling with regard to the January 23, 1991 transfer. Said section states in pertinent part:
 Any form of conveyance in writing, duly signed and delivered by the grantor, or the attorney of the grantor duly authorized, shall be operative to convey to the grantee all the possession, estate, title and interest, claim, demand or right of entry or action, of the grantor, absolutely in and to the land conveyed, unless otherwise expressly limited in estate, condition, use or trust, and if otherwise expressly limited, shall convey such property for the time or estate or on the condition, use or trust as declared, without any other act or ceremony; and if also duly acknowledged and recorded, shall be operative as against third parties.
This statute is consistent with current case law as it provides that a conveyance does not automatically have to be recorded in order for title to pass.
Mrs. Manfredi executed the quitclaim deed in January of 1991; therefore, at that time, the conveyance was sufficient to transfer title because the quitclaim deed met the requirements under § 34-11-4. Furthermore, in consideration of §34-11-4, the conveyances that occurred in February and September 1997 were legally inoperative because Mrs. Manfredi no longer had any property to convey. See In re Dlott, 43 B.R. 789 (Bktrcy. Mass. 1983) (a second conveyance by trust was of no legal effect where trust, having previously conveyed the property, was no longer able to convey that which it did not own). In fact, the only interest Manfredi had left to convey in 1997 was a life estate. See Marshall v. Francis, 124 N.E.2d 803, 332 Mass. 282
(1955) (a deed whereby grantors purported to convey all their right, title and interest in certain realty conveyed only what grantor owned and no more).
Delivery of a deed is a question of fact. Morse v. Kelley,26 N.E.2d 326, 305 Mass. 504 (1940) (the ascertainment of intent of parties to deed, depending as it frequently does not only upon language employed but also upon all the circumstances attending transaction, is usually a question of fact). Although pursuant to § 42-35-15, this Court may not substitute its judgment for that of the agency regarding the weight of the evidence regarding questions of fact, this Court may properly review questions of law to determine the law's applicability to the facts. In the present case, the agency's determination that there was an invalid conveyance on January 23, 1991 constituted an error of law.
The record evidences that there was clear intent on Manfredi's part to convey title to her nephews in 1991. In the present case, the agency's decision implies that because the nephews were not credible, the January 23, 1991 transfer was invalid, despite overwhelming evidence that a legal and binding conveyance was executed. The record is replete with evidence that a valid conveyance was executed on January 23, 1991. An agency cannot use its unquestionable power to assess the credibility of witnesses to posit factual findings unsupported by any evidence other than its disbelief of one or more witnesses, State of RhodeIsland, Office of the Secretary of State v. Rhode Island StateLabor Relations Board, 694 A.2d 24 (R.I. 1997).
As a matter of law, the January 23, 1991 conveyance was valid. As indicated, for a conveyance to pass title, the deed need not be recorded in the land evidence records. Furthermore, at the time of the conveyance in 1991, the transfer was sufficient to pass title because it fully satisfied the conditions of § 34-11-4, Delivery of Conveyance Sufficient toPass Title.
 Attorney's Fees
The petitioner requests attorney's fees pursuant to the Equal Access to Justice Act, G.L. 1956 § 42-92-1, et seq. The petitioner relies on the statute in support of his request.
The plaintiff is entitled to recover reasonable attorney's fees, if deemed to be the prevailing party, unless the position of the agency is substantially justified § 42-92-3. In meeting the substantial justification test, the agency has the burden to show that its position was at least clearly reasonable, well founded in law and fact, solid though not necessarily correct. Taft v. Pare, 536 A.2d 888 (R.I. 1988). See alsoKirkorian v. DHS, 606 A.2d 671 (R.I. 1992).
The Hearing Board found that the valid transfer of the property occurred in 1997. As the first deed, but not the second deed was recorded, the agency's finding the first transfer was invalid, though not correct, was clearly reasonable in the context of the evidence before it. This Court finds that the agency position was substantially justified, precluding attorney's fees for the plaintiff.
After review of the entire record, this Court finds that the decision of the DHS constituted an error of law, and substantial rights of the petitioner were prejudiced. Accordingly, the June 3, 1998 decision of the agency is hereby reversed. The petitioner's request for attorney's fees is denied.
Counsel shall submit the appropriate judgment for entry.
[1] The Hearing Board found that a transfer occurred on January 23, 1991; however, they do not believe this was a valid transfer because it was not recorded.